IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CARRIE JEAN JEFFERSON,**

    Plaintiff,

vs.                                  Case No. 4:11cv151-RS/CAS

**FLORIDA STATE UNIVERSITY,
BOARD OF TRUSTEES,**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Pending is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. Doc. 27. The *pro se* Plaintiff was advised of her obligation to respond to the motion to dismiss, doc. 28, and her response in opposition was timely filed. Doc. 29.

**Allegations, doc. 23**

Plaintiff has alleged employment discrimination based on race when she was wrongfully arrested, suspended, and then fired by the Defendant. Doc. 23, p. 3. Plaintiff also asserts a claim for age discrimination. *Id.*, at 3, 4. Plaintiff seeks to be re-employed by Defendant, receive back pay, and monetary damages. *Id.*, at 9.

**Motion to Dismiss**

Defendant moves to dismiss the second amended complaint for failure to state a claim.  Doc. 27.  Defendant asserts that it is immune from suit under the Age Discrimination in Employment Act, and that Plaintiff fails to provide factual allegations which support a claim for race discrimination.  *Id.*, at 2, 4.

**Plaintiff's Response, doc. 29**

Plaintiff provided a brief two-page response in opposition.  Plaintiff does not address each basis cited by Defendant as grounds for dismissal of this case.  Instead, Plaintiff argues that Defendant has defamed her, dismissed her "employment unjustly" and Plaintiff asserts she "did not take or steal any money from [her] place of employment . . . ."  Doc. 29, p. 1.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[1]  "A claim has facial plausibility when the plaintiff pleads factual content that

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations."  Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Case No. 4:11cv151-RS/CAS

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."). *Pro se* complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966. A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

**Age Discrimination**

Plaintiff alleged in the second amended complaint that her date of birth was May 31, 1995.  Doc. 23, p. 3.  That date is incorrect.  In the initial complaint, Plaintiff alleged she was born in 1955, doc. 1, p. 3, and the charge of discrimination Plaintiff filed with the Florida Commission on Human Relations asserts that Plaintiff is "over the age of 40."  Doc. 6, p. 8.  It is accepted that Plaintiff is over age 50 and was born in 1955.

Plaintiff alleged that she was treated differently than another toll booth worker who was under the age of 40, and who also was accused of stealing.  Doc. 23, p. 8.  Plaintiff said that approximately three months before she was terminated, her supervisor said to her, "You are old."  *Id.*

Defendant moves to dismiss the age discrimination claim on the basis that the Florida State University, as an agency of the State of Florida, is protected by the Eleventh Amendment, and the concept of sovereign immunity.  Doc. 27, p. 2.  Defendant is correct.

Congress can abrogate a state's Eleventh Amendment and sovereign immunity when validly acting under § 5 of the Fourteenth Amendment, but not when acting under the Commerce Clause.  See, Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (holding that Congress may not abrogate state immunity under its Article I powers).  The Supreme Court held that the Age Discrimination in Employment Act (ADEA) was not "a valid exercise of Congress' power under § 5 of the Fourteenth Amendment." Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91, 120 S.Ct. 631, 650 (2000).  Thus, pursuant to Kimel, a non-consenting state cannot be sued

under the ADEA and the Defendant has Eleventh Amendment and sovereign immunity. Plaintiff's age discrimination claim must be dismissed and Defendant's motion to dismiss as to this claim should be granted.

**Race Discrimination**

Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race[.]" 42 U.S.C. 2000e–2(a)(1).  Defendant asserts that Plaintiff's claim for race discrimination should be dismissed because the second amended complaint "is devoid of any factual assertions of disparate treatment based upon race."  Doc. 27, p. 2.  Defendant points out that Plaintiff's second amended complaint does contain allegations of differential treatment, but those allegations were based upon age and not race.  *Id.*, at 2-3.

Although the pleading standard for a pro se complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).  The court's duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).  A court cannot assume that a plaintiff can prove facts that have not been alleged. Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 902 (1983).

"To make out a *prima facie* case of racial discrimination a plaintiff must show (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably." Crawford v. Carroll, 529 F.3d 961, 970

(11th Cir. 2008).  Here, Plaintiff has not alleged any facts showing evidence of racial discrimination.  Plaintiff provides a conclusory statement suggesting racial bias, but this does not provide the basis for a claim of discrimination.  Plaintiff said that her supervisor, Mr. Hughes, "displayed a negative attitude toward the black workers, who were Customer Service Representatives."  Doc. 23, p. 8.  She said, "I believe he was on a mission to get rid of black employees who were Customer Service Representatives."  *Id.*  Those statements fail to show that non-black workers were treated more favorably and, thus, fail to support a claim for racial discrimination.  Defendant's motion to dismiss this claim should also be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion to dismiss, doc. 27, be **GRANTED** and Plaintiff's amended complaint, doc. 23, be **DISMISSED** for failure to state a claim upon which relief may be granted and because Defendant has Eleventh Amendment and qualified immunity as to the age discrimination claim.

**IN CHAMBERS** at Tallahassee, Florida, on April 12, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv151-RS/CAS